**United States District Court**
For the Northern District of California

1
2
3
4
5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10   MAURICE S. THOMPSON ET AL., on behalf        No. C 79-01630 WHA
     of themselves and all others similarly situated,
11
                    Plaintiff,
12
                                                  **ORDER EXTENDING TIME TO**
13       v.                                       **FILE RESPONSE TO**
                                                  **SUPPLEMENTAL BRIEF ON**
14   JEANNE S. WOODFORD, Acting Secretary,        **MODIFICATION OF THE**
     California Department of Corrections and     **CONSENT DECREE**
15   Rehabilitation,

16                    Defendant.
                                                    /
17

18       The parties and the movant seeking to intervene have stipulated to an extension of the

19   deadline for plaintiffs and defendants to file their responses to the supplemental brief filed by

20   the movant for intervention.  They seek a new deadline of March 28, 2006.

21       Any stipulation requesting an order changing time that would affect the date of a

22   deadline already fixed by court order must be accompanied by a declaration that "[s]ets forth

23   with particularity[] the reasons for the requested enlargement . . . [and] [d]escribes the effect the

24   requested time modification would have on the schedule of the case."  Civil L.R. 6-2(a)(1), (3).

25       The Court issued an order setting the March 23, 2006, deadline for plaintiffs and

26   defendants to file their responses to the movant's supplemental brief on modification of the

27   consent decree (Order re Scheduling and Plaintiff, Feb. 9, 2006).  The stipulated request for an

28   extension until March 28 would affect that deadline.  The parties therefore were required to

     submit a declaration setting forth the reasons for the requested enlargement and describing any

**United States District Court**
For the Northern District of California

1 effect the extension would have on the schedule for the case.  Such a declaration was not

2 received in chambers nor is it listed on the case docket.

3     In the future, the Court expects full compliance with the Local Rules.  (Compliance with

4 Civil L.R. 6-2(a)(2), requiring disclosure of "all previous time modifications in the case,"  is

5 excused in the instant action, due to its long duration.)  In the case of the present request, the

6 declaration would have assisted the Court in deciding whether to grant the request.  The Court

7 nevertheless will decide the request immediately, since all parties agree to the extension and

8 therefore no one is prejudiced by noncompliance and no substantial rights are affected.  *See*

9 *Nunley v. City of L.A.*, 52 F.3d 792, 795 (9th Cir. 1995) ("[A] district judge has broad discretion

10 to depart from local rules . . . where it makes sense to do so and substantial rights are not at

11 stake.") (internal quotation marks omitted).

12     The request is **GRANTED**.  The approval shall not be the basis of any further extensions.

13 The hearing will be at 8 a.m., April 6.  The Court notes that the motion to intervene is

14 unopposed and that no statement of non-opposition was filed.  The deadline for filing either of

15 these was March 23.   If the parties seek an enlargement of time to file such papers, they must

16 make a proper request.

17     **IT IS SO ORDERED.**

19 Dated: March 24, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2