**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,<br><br>         Plaintiffs,<br><br>   v.<br><br>JEANNE S. WOODFORD, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>         Defendants. | No. C 79-01630 WHA<br><br>**ORDER GRANTING MOTION TO INTERVENE** |

### INTRODUCTION

San Quentin State Prison inmate Freddie Fuiava moves to intervene in the above-named action. He also requests judicial notice of the existence of two civil actions, *Castillo v. Alameida*, No. C 94-2847, and *Fuiava v. Brown*, No. 04-4634, both of which were adjudicated in the Northern District of California. Finally, Mr. Fuiava asks the Court to order San Quentin State Prison to apply the gang-validation and disciplinary regulations of Title 15 of the California Code of Regulations to the condemned population. Mr. Fuiava has met the requirements to intervene as of right. The motion to intervene therefore is **GRANTED**. The request for judicial notice is **GRANTED**. The request for an injunction against San Quentin is not properly made and supported, so it is **DENIED**.

**STATEMENT**

The complaint in this action alleged that the warden at San Quentin and the director of the state Department of Corrections violated constitutional rights, including the right to due process of law, of Death Row inmates. Judge Stanley Weigel approved a consent decree. It has been changed several times since then. Further modifications are under consideration. Prisoners were notified of the current proposal September 29, 2005 (Jt. Case Status Statement, Nov. 10, 2005). Mr. Fuiava made his motion to intervene on December 16, 2005. The action has not been certified as a class and the named plaintiffs are no longer on Death Row. Counsel for former plaintiffs are seeking to have a class certified.

In 1996, movant was incarcerated on Death Row. He was assigned to the "Grade A" program, which allows inmates greater freedom than does the "Grade B" program. In 1997, prison officials cited him for mutual combat in the exercise yard with four other inmates. He was then reassigned to the Grade B program. Grade B prisoners face several intrusions on their liberty that are not imposed upon Grade A inmates. For example, their visits with free people are shorter, their communication with other inmates is hindered by steel doors, whereas Grade A facilities have only bars, and they area allowed to exercise for ten hours per week, as opposed to forty-two for Grade A prisoners (Samuelson Decl. ¶¶ 2–3, 11). Movant remains in the Grade B program (Br. 3).

**ANALYSIS**

Federal Rule of Civil Procedure 24(a) requires a court to permit a person to intervene in an action if the application is timely and the applicant "claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition fo the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."

Mr. Fuiava claims that he has an interest in the modification of the consent decree because its application to him has put him in the Grade B program. He states that he is concerned about procedures that would be used, under the proposed modification, to classify

2

someone as a participant or non-participant in gang activities. Classification of an inmate as a participant in gang activities might result in more restrictive confinement for that inmate. Mr. Fuiava asserts that these procedures may improperly subject him to detention in the Grade B program. He claims the proposal thus may affect his rights under the Constitution and state regulations. He is thus situated such that a decision on the proposed modification may impair or impede his ability to protect his claimed liberty interests.

Mr. Fuiava sought to intervene within less than three months of receiving notice of the proposed modification. He thus made timely application to intervene. Because there are no named plaintiffs in the case and no certified class, Mr. Fuiava is not adequately represented by the parties in the action.

Contrary to the argument of counsel for the purported class, intervention will not prejudice defendants or the purported class. That argument is based on their contention that Mr. Fuiava will slow down the process and thereby delay any modification of the consent decree and resulting relief to the purported class. That contention is unfounded. Even if Mr. Fuiava does slow down the process, it would not necessarily delay relief because the proposed modification would not go into effect until a certain percentage of condemned prisoners are housed in a new prison facility that has not even been approved for construction.

For the reasons above, the Court finds that Mr. Fuiava has met all of the requirements to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a).

In addition, intervention by Mr. Fuiava is supported by Rule 23, which provides that "[i]n the conduct of [Rule 23 class actions] . . . the court may make appropriate orders: . . . requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given . . . of the opportunity of members . . . to intervene and present claims or defenses, or otherwise to come into the action . . . ." FRCP 23(d), (d)(2). Although this action is not a class action, counsel for former plaintiffs intend to seek certification. Furthermore, the parties and the Court have been treating this case as a class action for nearly twenty-six years. For these reasons, it is appropriate to consider Rule 23(d) in evaluating the propriety of Mr. Fuiava's intervention. His position is also supported by Rule 24(b), which

3

1  allows the Court to permit intervention, in its discretion, when "an applicant's claim or defense
2  and the main action have a question of law or fact in common . . . [so long as it considers]
3  whether the intervention will unduly delay or prejudice the adjudication or the rights of the
4  original parties."  Mr. Fuiava's claim of mistreatment at the hand of prison officials shares
5  common questions of law and fact with those of the instant action.

6  Judicial notice is proper when the matter of which notice is taken is "capable of accurate
7  and ready determination by resort to sources whose accuracy cannot reasonably be questioned."
8  FRE 201(b), (b)(2).  The records of the District Court for the Northern District of California are
9  such a source, and review of them is easily had.  The Court therefore takes judicial notice of the
10 two Northern District court cases mentioned above.

11 Movant's request for an injunction is not properly before the Court.  First, he had no
12 standing to make such a request in this action, since he had not yet been allowed to intervene.
13 Although he does not call out whether he seeks a permanent or preliminary injunction, it
14 appears that he seeks a permanent injunction.  Such relief is not properly pursued as part of a
15 motion to intervene.  Given that there is already a judgment in this action, any injunctive relief
16 probably could be sought only through the consent-decree modification process.  Mr. Fuiava
17 now will have the right to participate in that modification procedure.

## CONCLUSION

For these reasons, and those stated on the record at the hearing of April 6, 2006, the motion to intervene is **GRANTED**.  The request for judicial notice is **GRANTED**.  The request for an injunction against the prison is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 6, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4