IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JEANNE S. WOODFORD, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER RE MOTION TO INTERVENE AND REQUEST FOR RULING ON PREVIOUS MOTION** |

Two Death-Row inmates, Scott Pinholster and Luis Maciel, move pro se for intervention in the above-entitled civil action. They also request a ruling on a previously filed motion to dismiss this action. That previous motion was made on grounds that the consent decree in this action is invalid because no class has been certified.

Movants have asked to intervene pursuant to Federal Rule of Civil Procedure 23. Rule 23 does not provide a mechanism for intervention, although it does state that "[i]n the conduct of [Rule 23 class actions] . . . the court may make appropriate orders: . . . requiring, for the protection of the members of the class or otherwise for the fair conduct of the action, that notice be given . . . of the opportunity of members . . . to intervene and present claims or defenses, or otherwise to come into the action . . . ," FRCP 23(d), (d)(2). The procedure and substance of intervention, however, is governed by Rule 24. Movants have not followed the procedural requirements of Rule 24. Nor have they given any reason to believe that intervenor Freddie

Fuiava does not adequately represent their interests, a requirement to win a motion to intervene as of right. *See* FRCP 24(a).

For these reasons, the motion to intervene is **DENIED** without prejudice to renewing it in accordance with Rule 24. Movants are advised to consider carefully whether Mr. Fuiava adequately represents their interests. He advanced the objections to the proposed modification of the consent decree as did Mr. Fuiava.

As a practical matter, the Court could not allow all Death Row inmates to intervene in this action. Any future motions to intervene will therefore be considered carefully, giving motions made pro se a liberal construction, and granted only with great care.

Movants' previous motion to dismiss the action was effectively decided April 5, 2006, during the hearing on the motion to intervene. The Court held that this action would not be dismissed as moot despite the failure to certify a class before entry of the consent decree. Plaintiffs were given permission to move for certification of a class. Movants' previous request to dismiss the action for failure to certify a class is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated: April 12, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2