IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER DENYING BRASURE MOTION TO INTERVENE** |

A Death-Row inmate, Spencer R. Brasure, submitted a letter to the Court, asking to be named as an intervenor in this action and for appointment of counsel. The motion was not filed in accordance with the Civil Local Rules. There is no reason to believe it was served on plaintiffs or defendants.

Although applicant Brasure offered reasons why he did not want to be represented by plaintiffs' counsel, he did not give any reason to believe that intervenor Freddie Fuiava does not adequately represent his interest. In fact, he insinuated just the opposite: he raised the same issues as intervenor. The inadequacy of another party's representation of one's interest is a prerequisite to intervening as of right. FRCP 24(a). Because applicant has not offered any reason to find inadequacy of representation, the motion to intervene is **DENIED**. Applicant is not a party. His request for appointment of counsel in this matter therefore is also **DENIED**.

As noted in previous orders, the Court cannot allow all Death Row inmates to intervene separately in this action. Any future motions to intervene will therefore be considered carefully, giving motions made pro se a liberal construction, and granted only with great care. Potential intervenors should consider carefully whether intervenor or plaintiffs adequately represent their interests.

**THE CLERK SHALL SERVE THIS ORDER ON SPENCER R. BRASURE AT THE ADDRESS ON HIS LETTER**.

**IT IS SO ORDERED.**

Dated: May 15, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2