IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,

    Defendants.
_____/

No. C 79-01630 WHA

**ORDER DENYING PINHOLSTER AND MACIEL MOTION TO INTERVENE**

    Two Death-Row inmates, Scott Pinholster and Luis Maciel, move to intervene pursuant to Federal Rule of Civil Procedure 24(a). They also ask the Court to take judicial notice of a civil action in this district, *Pinholster v. Woodford*, C 03-3761 (JW), and of *Wilkinson v. Austin*, 125 S. Ct. 2384 (2005). Finally, they ask for dismissal of the instant action as being moot.

    To intervene as a plaintiff as of right, an applicant must prove that the other plaintiffs might not adequately represent the applicant's interests. FRCP 24(a)(2); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972) ("The requirement of the Rule is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.").

    Applicants provide no sufficient reason to find that intervenor Freddie Fuiava might not adequately represent their interests. They try to support their application by claiming that intervenor's objections to the most recent proposal to modify the consent decree did not cover

all objections that applicants have (Br. 1, 3). That proposal is being superceded by a new proposal. Also, the mere fact that intervenor has not *yet* raised all the arguments that applicants want him to does not indicate that he might not adequately represent their interests. One reason why he might not have advocated those arguments yet is that he only became a party on April 6. Since then, the case has been largely on hold awaiting a motion for class certification and also submission of a new proposal to modify the consent decree. Intervenor has had few opportunities to act, so it is unreasonable to conclude, based on that alone, that intervenor does not share applicants' interests. Applicants have not offered any reason to find inadequacy of representation by intervenor. The motion to intervene therefore is **DENIED**.

The Court takes judicial notice of the existence of *Pinholster v. Woodford*. No judicial notice need be taken of Supreme Court opinions; they are not adjudicative facts in this action. Because applicants are not parties, their request to dismiss this action is **DENIED**, without any suggestion that the request would have been properly brought if they were a party.

As noted in previous orders, the Court cannot allow all Death Row inmates to intervene separately in this action. Any future motions to intervene will therefore be considered carefully, giving motions made pro se a liberal construction, and granted only with great care. Potential intervenors should consider carefully whether intervenor or plaintiffs adequately represent their interests.

**THE CLERK SHALL SERVE THIS ORDER ON SCOTT PINHOLSTER AND LUIS MACIEL AT THE ADDRESS ON THEIR MOTION**.

**IT IS SO ORDERED.**

Dated: May 17, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE