IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,

    Plaintiffs,

  v.

JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,

    Defendants.

No. C 79-01630 WHA

**ORDER DENYING GEORGE AND KENNEDY MOTIONS TO INTERVENE**

    Two Death-Row inmates, Jerry Noble Kennedy and Johnaton S. George, move separately to intervene as plaintiffs. In addition, applicant Kennedy asks to have counsel appointed for him.

    To intervene as a plaintiff under FRCP 24(a), an applicant must prove that the other plaintiffs might not adequately represent the applicant's interests. FRCP 24(a)(2); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). To intervene as a plaintiff at the court's discretion under FRCP 24(b), the applicant's claim must have a question of law or fact in common with the main action. In addition, the court must consider under Rule 24(b) whether intervention would unduly delay the adjudication of the rights of the original parties.

    Applicant George offers no basis for allowing him to intervene. His motion therefore is **DENIED**. Applicant Kennedy asks to be "noticed as an intervenor" on grounds that he does not want the "*Thompson* consent decree forsed on me [sic]." He claims the decree prevents him

1  from exercising his rights under California prison regulations and therefore creates an issue
2  under the Equal Protection Clause (Br. 1).

3      Applicant George does not provide any reason to believe that intervenor Freddie Fuiava
4  might not adequately represent his interests.  Intervenor has raised similar issues about
5  California prison regulations' conflict with the decree.  Allowing George to intervene at this
6  time would delay unduly the adjudication of the existing parties' rights as they move to meet
7  the Court's deadlines for a class-certification motion and for consideration of their effort to
8  modify the consent decree.  After the exact content of those proposed modifications is
9  publicized to inmates (and perhaps changed in response to their comments), applicant George's
10 concerns may have been fully addressed.  For these reasons, his motion is **DENIED**.  He is not a
11 party, so his motion for counsel also is **DENIED**.

12     As noted in previous orders, the Court cannot allow all Death Row inmates to intervene
13 separately.  All motions to intervene therefore will be considered carefully, giving motions
14 made pro se a liberal construction, and granted only with great care.  Potential intervenors
15 should consider carefully whether intervenor or plaintiffs adequately represent their interests.

16     **THE CLERK SHALL SERVE THIS ORDER ON APPLICANTS AT THE ADDRESSES ON**
17 **THEIR MOTIONS**.

19     **IT IS SO ORDERED.**

21 Dated: May 22, 2006

    WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

2