**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison, <br><br> Defendants. | No. C 79-01630 WHA <br><br><br> **ORDER DENYING MOTIONS TO INTERVENE AND RELATED REQUESTS** |

Death-Row inmates Jack Wayne Friend, Andre S. Alexander, Ricardo Roldan, Keith Allen Lewis Sr. and Paul Gordon Smith Jr., have filed separate documents with the Court.

Alexander, Roldan, Lewis and Smith move to intervene as plaintiffs under Federal Rule of Civil Procedure 24(a). To intervene as a plaintiff under FRCP 24(a), an applicant must prove that the other plaintiffs and plaintiff-intervenors might not adequately represent the applicant's interests. FRCP 24(a)(2); *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 (1972). None of the applicants provide any reason to believe that intervenor Freddie Fuiava might not adequately represent their interests. Intervenor has raised similar issues about California prison regulations' conflict with the consent decree. The motions to intervene therefore are **DENIED**.

Smith, Roldan and Lewis ask for an order to San Quentin State Prison to apply the gang-validation and disciplinary regulations of Title 15 of the California Code of Regulations to the condemned inmates at San Quentin. These prisoners are not parties to the instant action. Their

request for injunctive relief therefore is **DENIED**. Smith, Roldan and Lewis also seek judicial notice of two civil actions. The Court already has taken notice of those two actions. The request is therefore **DENIED**. Lewis, Alexander and Friend seek appointment of counsel. Their requests are **DENIED** because they are not parties to the instant action.

Lewis and Alexander noticed their motions for hearing on June 5, 2006. No hearing will be held because neither prisoner has an attorney and neither movant will be able to attend the hearing to represent himself *in propria persona*, because of his incarceration.

As noted in previous orders, the Court cannot allow all Death Row inmates to intervene separately. All motions to intervene therefore will be considered carefully, giving motions made pro se a liberal construction, and granted only with great care. Potential intervenors should consider carefully whether intervenor or plaintiffs adequately represent their interests.

**THE CLERK SHALL SERVE THIS ORDER ON APPLICANTS AT THE ADDRESSES ON THEIR MOTIONS AND OTHER PAPERS**.

**IT IS SO ORDERED.**

Dated: May 25, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2