IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>Defendants.<br>_____ / | No. C 79-01630 WHA<br><br><br>**ORDER DENYING APPLICATION FOR CERTIFICATE OF APPEALABILITY** |

Two Death-Row inmates, Scott Pinholster and Luis Maciel, apply pro se for a certificate of appealability. They challenge the holding that this action is not moot, "despite the failure to certify a class before entry of the consent decree" (Order re Mot. to Intervene and Req. for Ruling on Previous Mot. at 2).

Applicants Pinholster and Maciel are not parties to the instant action. They are only members of a potential class of plaintiffs. They therefore have no standing to pursue an appeal pro se. In addition, a request for a certificate of appealability is improper procedurally. Such certificates may be issued only when the district court has denied a petition for a writ of habeas corpus or denied a motion to vacate, set aside or correct a sentence. This is not such an action or motion.

Applicants cite Federal Rule of Appellate Procedure 22(b) and 28 U.S.C. 1292(b). The former governs how the courts of appeals handle habeas actions. It therefore has no application

to the instant request, which is made to a district court in a non-habeas action. Section 1292(b) requires district court judges to certify appeals of interlocutory orders in certain circumstances, none of which exist here. That section therefore has no applicability either.

Applicants also cite *Arney v. Finney*, 967 F.2d 418, 421–22 (10th Cir. 1992). The cited passage concerned (1) the right of would-be intervenors to appeal denials of their motions to intervene and (2) the appealability of non-final orders. Although applicants made motions to intervene that were denied, they do state in their application that they challenge those rulings. Furthermore, the order on mootness does not qualify as an appealable non-final order under *Armey* because the order *is* reviewable "on appeal and from a final judgment," *id.* at 422. Finally applicants cite *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986), which concerns the duty of reviewing courts sea sponte to correct jurisdictional errors of lower courts. *Bender* therefore has no application to the instant application.

For each of the reasons stated above, the request for a certificate of appealability is **DENIED**. **THE CLERK SHALL SERVE THIS ORDER ON MACIEL AND PINHOLSTER.**

**IT IS SO ORDERED.**

Dated: June 5, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE