IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE THOMPSON ET AL., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>Defendants.<br>_____ / | No. C 79-01630 WHA<br><br><br><br>**ORDER RE BRIEFING** |

At the hearing on August 17, 2006, the Court ordered further briefing. The following list of topics restates those mentioned at the hearing and adds new ones. Responses are due **SEPTEMBER 1, 2006**.

1. California Penal Code Section 5058, including how it impacts, if at all, the authority under state law of defendants Eddie Ylst and James E. Tilton to apply to condemned inmates the proposed Condemned Manual instead of all applicable provisions of Title 15 of the California Code of Regulations. If there is such an impact, how does it affect application of 18 U.S.C. 3626(a)(1) and 3626(c)(1) to the pending motion to modify the decree.

2. The impact on this action of 18 U.S.C. 3626 generally, including whether granting the motion to modify the consent decree and approving the consent decree would constitute prospective relief under 18 U.S.C. 3626(a)(1) and/or

approval or entry of a consent decree under 18 U.S.C. 3626(e)(1). If the answer to either question is "yes," what findings would be required to permit the requested relief and what would be the required mode of analysis to reach such findings?

3. What conditions exist at San Quentin State Prison *currently* that violate a federal right, as that term is used in 18 U.S.C. 3626(a)(1)? If there is such a condition, why have plaintiffs and intervenor not moved to hold defendants in contempt?

4. The procedural history of this action since *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). The Court wants to know why no one asked for an evidentiary hearing, if that is the case.

5. Under what circumstances, if any, can a court look into the future to a building not yet constructed and declare that it will be permissible to segregate and classify prisoners there according to a particular formula.

6. The desirability of a seven- or eight-member group of representative plaintiffs. What decision-making process will such a group of condemned inmates use? (Dexter Williams states that he no longer wants to represent the class.)

**IT IS SO ORDERED.**

Dated: August 21, 2006

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE