IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANCASTER, JEFFERY MILLS, DEXTER WILLIAMS, WILLIAM DENNIS, STEVE LIVADITIS, JIMMY VAN PELT, H. LEE HEISHMAN III AND JOHNATON GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and EDDIE YLST, Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER OF CLARIFICATION** |

An issue has arisen concerning the requirement in the class-certification order requiring the class representatives to submit declarations on future motions. The order (dated October 4, 2006) stated in part (emphasis added):

> Given the substantial objections made and given the nature of the class, this order requires the following procedure for all future motions in this case. *Each motion on behalf of the class must be accompanied by declarations of all the representatives of the class stating their specific views on the motion and demonstrating that the declarants have read and understood the motion. When a motion by defendants is responded to, the same procedure shall apply to verify that the class representatives are on board with counsel's litigation strategy.* Class actions are supposed to be directed by the class representatives. Of course, they must be advised by class counsel but the class representatives, not class counsel, are supposed to direct the litigation. For too long, this action has been directed solely by the Prison Law Office without even the semblance of a class representative. A copy of this order

> must be provided to each representative and counsel shall explain this paragraph to each representative and explain his obligations as a class representative. This declaration requirement does not apply to purely procedural motions, such as scheduling motions.

Class counsel has taken offense by the italicized language. The Prison Law Office has construed this to mean that it must have unanimous agreement among all eight representatives before it can adopt a substantive litigation strategy. This is *not* what the order said and *not* what was meant by "on board." Rather, given the many objections by prisoners to the way in which the Prison Law Office have purported to represent their interests and given the many years of neglect by the Prison Law Office of the Rule 23 basics in this case, the purpose of the declaration requirement (on substantive motions), going forward, is to inform the Court of the class representatives' views on the substantive issues at stake. The views of the representatives will be taken into account. They need not be in unanimous agreement but the Court will take into consideration the substantive views of the class representatives.

For example, if six support and two oppose the substantive action, then the Court may accept the proposed reform as one desired by the class anyway, although the Court will take into account the reasons given by the objecting representatives. On the other hand, if six oppose and two support the substantive relief sought, the Court will have some question for counsel as to why they are acting against the wishes of the class representatives (who were selected by counsel themselves).

The Court has recently learned that the Prison Law Office has petitioned the Court of Appeals to suspend this requirement. Class counsel are requested to immediately advise the Court of Appeals of this clarifying order.

**IT IS SO ORDERED.**

Dated: November 16, 2006.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2