IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANCASTER, JEFFERY MILLS, DEXTER WILLIAMS, WILLIAM DENNIS, STEVE LIVADITIS, JIMMY VAN PELT, H. LEE HEISHMAN III AND JOHNATON GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and ROBERT L. AYERS, JR., Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER RE NOTICE OF CLASS DEFICIENCY** |

Intervenor Freddie Fuiava raised three issues in a "notice of class deficiency." The first issue is that two of the original named class representatives, Andrew Lancaster and Johnaton George, who had originally been classified as Grade B, were both in the process of being reclassified to Grade A. This issue is relevant here because the proportion of Grade A (low security risk) inmates to Grade B (high risk) inmates played a factor in certifying the original class. Lancaster and George were the only two named class representatives, out of eight total class representatives, classified as Grade B. This Court found the representatives acceptable, since the 3:1 ratio of Grade A representatives to Grade B representatives approximately paralleled the entire prison's 4:1 ratio of Grade A inmates to Grade B inmates. With the reclassification of Lancaster and George as Grade A inmates, there will be no remaining Grade

B representatives. The class certification order did note that "the Court will be sensitive to whether the Grade B representatives sign onto and support any actions advanced on behalf of the class" (Docket No. 973 at 12). Indeed, class certification requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Unless the class representatives include some Grade B inmates, the representatives' claims may not be "typical of the claims" of the inmate population.

Another issue that intervenor Fuiava raised, however, was the fact that two Grade B inmates, Monterroso and Tuilaepa, had volunteered to become class representatives. Based on the declaration of intervenor's counsel, it appears that adding these two inmates as class representatives would not substantially change the litigation because both inmates are already part of the represented class. Other courts have allowed complaints to be amended to add or substitute class members, provided that the class action requirements under the Federal Rules of Civil Procedure are met and that the outcome does not cause prejudice against a party. *See In re CMS Energy Erisa Litigation*, 225 F.R.D. 539, 542 (E.D. Mich. 2004); *see also Bemis v. Allied Property & Cas. Ins. Co.*, 2006 WL 1064067, at *4 (S.D. Ill. Apr. 20, 2006). The Federal Rules of Civil Procedure require that these two inmates help assure that the claims of the representative class members mirror those of the entire class, and that the class representatives fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a)(3)–(4). At this point, there is no sworn evidence from Monterroso or Tuilaepa from which to determine their willingness or their adequacy. The only factual support that they would act as class representatives is a declaration by intervenor's counsel indicating their willingness to serve.

Finally, Fuiava brings up the issue that class member Dexter Williams wishes to "opt out" as a class member. Expressing his dissatisfaction with the consent decree and his legal representation, Williams declared that he "cannot help sell [his] fellow prisoners this program" (Docket No. 1017). As mentioned in the class certification order by this Court, members of a Rule 23(b)(2) class do not have the right to opt out of their class. *See Molski v. Gleich*, 318 F.3d 937, 947 (9th Cir. 2003) (citing *Ticor Title Ins. Co. v. Brown*, 511 U.S. 117, 121 (1994) (per curiam)). Williams, however, wishes only to "opt out" of being a class representative.

2

Plaintiffs can remove other named plaintiffs when unopposed by the defendants. *See In re Urethane Antitrust Litigation,* Slip Copy, 2007 WL 1424327, at *5 (D. Kan. May 14, 2007).[*]

The court may modify a class in response to a factual or legal development. *See Richardson v. Byrd*, 709 F.2d 1016, 1019 (5th Cir.), *cert. denied*, 464 U.S. 1009, 104 S. Ct. 527, 78 L.Ed.2d 710 (1983); *see also Kramer v. Scientific Control Corp.*, 67 F.R.D. 98, 99 (E.D. Pa.1975), *appeal dism'd in part, rev'd in part*, 534 F.2d 1085 (3d Cir.), *cert. denied*, 429 U.S. 830, 97 S.Ct. 90, 50 L.Ed.2d 94 (1976). This Court in its discretion may remove a named plaintiff as a class representative, should it be demonstrated that the named plaintiff does not meet the criteria of Rule 23(a). *See In re United States Fin. Sec. Litig.*, 69 F.R.D. 24, 38 (S.D. Cal.1975). "On a motion to amend the class certification order, a district court must not only consider the criteria of Rule 23(a) and (b) in light of factual and legal developments, but also 'whether the parties or the class would be unfairly prejudiced by a change in proceedings at that point.'" *In re Harcourt Brace Jovanovich, Inc. Sec. Litig.*, 838 F. Supp. 109, 115 (S.D.N.Y. 1993) (denying request to allow withdrawal of named plaintiffs from class action suit where no new factual or legal developments were shown and where defendants had claimed the withdrawal would impair their defense). Inmate Williams has not requested removal as a named plaintiff in light of any new factual or legal allegations; he has simply decided that, based on his disagreement with the class counsel's legal strategy and his frustrations with the consent decree, he does not want to serve as a class representative.

Absent any indication that the removal of Williams would unfairly prejudice the parties or the class, the Court is inclined to find that Williams should be removed as a named plaintiff pursuant to his request. The Court is also inclined to allow Monterroso and Tuilaepa to become class representatives upon production of admissible evidence. Before doing so, however, the Court requests plaintiffs' counsel to file a statement on all of the above issues by **JULY 5, 2007**, with any response by defendants or intervenor due by **JULY 10, 2007**.

---

[*] Williams did, however, submit two declarations in support of plaintiffs' motions, as required by the order dated October 4, 2006.

3

If Monterroso and Tuilaepa truly desire to represent the class, they should file sworn declarations demonstrating that they have a basic understanding of the case, indicating their willingness to serve as class representatives, and indicating a willingness to comply with the requirement of class representatives to file declarations in all substantive motions. The declarations should also provide basic facts regarding their classification status so that the Court can determine the adequacy of their representation. Plaintiffs' counsel should assist Monterroso and Tuilaepa to prepare these declarations, which should be filed by **JULY 5, 2007**.

**IT IS SO ORDERED.**

Dated: June 21, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE