IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANCASTER, JEFFERY MILLS, DEXTER WILLIAMS, WILLIAM DENNIS, STEVE LIVADITIS, JIMMY VAN PELT, H. LEE HEISHMAN III AND JOHNATON GEORGE, <br><br> Plaintiffs, <br><br> v. <br><br> JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and ROBERT L. AYERS, JR., Acting Warden, San Quentin State Prison, <br><br> Defendants. / | No. C 79-01630 WHA <br><br> **ORDER RE FORMAT OF VIEW AND EVIDENTIARY HEARING** |

After reviewing the parties' submissions on the format of the evidentiary hearing and view, the following is ordered:

1. The Court is inclined to deny the requests for a surprise visit. What if the Court visited when one or more counsel were out of town or at a court hearing? All parties, however, will be allowed to file short memoranda on what the procedure would be for a surprise visit. Would defendants have equipment ready or would such a visit be without the benefit of equipment? Please file your memoranda by **NOON** on **JULY 31, 2007**.

2. With respect to the view, plaintiffs' counsel shall be allowed to point out items of interest as well, but the Court wants to minimize the amount of verbal information and the amount of argument. Counsel shall identify points of interest but this will not be an opportunity

for extended argument. The purpose of this view is to have a non-controversial geography lesson of the facility. This should also include the exercise yards in controversy. The parties must **MEET AND CONFER** regarding the itinerary and features to be observed during the view.

3. With respect to plaintiffs' request for discovery (Resp. at 5, ln. 6), they will be allowed to take one deposition of an appropriate person. The deposition must be completed on or before **AUGUST 21, 2007**.

4. With respect to plaintiffs' request for additional prisoner testimony, the Court denies the request without prejudice. If plaintiffs make an offer of proof as to what the testimony would be, the Court will consider whether to augment the witness list. The purpose of the hearing is to see and hear live the declarants of record and to allow cross-examination of them so that the fact differences between them can be resolved, not to allow both sides to bring in new witnesses beyond those who have already given declarations.

5. With respect to defendants' inquiry about the witnesses that will be called, all prisoners who filed a declaration relevant to the issues that need resolution, whether in support of the opening brief or in support of the reply, may testify at the hearing.

6. The records custodian responsible for maintaining the prisoners' central and medical files may be added to the witness list for purposes of authenticating any inmate records.

7. Plaintiffs' request for an expert is denied. Both parties had ample time to present their best cases when the briefs were filed. The purpose of the hearing is to resolve inconsistencies in the *present* record. The Court will not allow these proceedings to spin out of control by allowing either side to pile on yet new witnesses, at least not without a very good reason.

8. With respect to the issue of restraints raised by plaintiffs, the need for and extent of any shackling will be left to the discretion of San Quentin officials.

9. The hearing and view will take place from **8:00 A.M.** to **5:00 P.M.** on **OCTOBER 10, 2007.** If the hearing cannot be finished in that amount of time, another date will be set for

completion of the hearing. Advise when we must arrive to actually start the hearing by 8:00 a.m.

**IT IS SO ORDERED.**

Dated: July 24, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE