United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANCASTER, JEFFERY MILLS, DEXTER WILLIAMS, WILLIAM DENNIS, STEVE LIVADITIS, JIMMY VAN PELT, H. LEE HEISHMAN III AND JOHNATON GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and ROBERT L. AYERS, JR., Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO POSTPONE EFFECTIVE DATE OF AUTOMATIC STAY** |

Plaintiffs move to postpone the effective date of the automatic stay, which is scheduled to take effect on September 20, 2007. According to 18 U.S.C. 3626(e)(3), "[t]he court may postpone the effective date of an automatic stay . . . for not more than 60 days for good cause." After reviewing briefs from both parties, the Court finds that "good cause" exists.

Defendants argue that there is no "good cause" to postpone the effective date of the automatic stay because "there has been no finding of current and ongoing constitutional violations in any of the areas identified by Plaintiffs." The Court's June 21 order considered whether plaintiffs had demonstrated a current and ongoing violation of constitutional rights. Plaintiffs alleged violations of the Eighth Amendment. To show an Eighth Amendment

violation, a party must demonstrate: (1) that there was a sufficiently serious deprivation, and (2) that prison officials acted with indifference to this deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The Court found that plaintiffs had submitted evidence supporting the allegation that current and ongoing conditions violated the Eighth Amendment, especially with respect to the sanitation situation and failure to provide adequate linens and towels. But further factual inquiry was needed to determine the severity of the deprivation and the state of mind of defendants.

Plaintiffs here appropriately relied on *Skinner v. Uphoff*, 410 F.Supp.2d 1104 (D. Wyo. 2006) (holding that inmates demonstrated good cause when they made allegations of ongoing inmate-on-inmate violence and delays in officials' remedial actions and joint expert raised various concerns). Defendants attempt to distinguish between the instant case and *Skinner* by saying good cause existed only when there was a current and ongoing risk to plaintiffs' "safety." The Court, however, examines current and ongoing constitutional violations, which include but are not limited to inmates' safety. A deficient sanitary environment can constitute a current and ongoing constitutional violation.

Accordingly, the Court **GRANTS** plaintiffs' motion to postpone the effective date of the automatic stay.

**IT IS SO ORDERED.**

Dated: September 10, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2