IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LANCASTER, JEFFERY MILLS, DEXTER WILLIAMS, WILLIAM DENNIS, STEVE LIVADITIS, JIMMY VAN PELT, H. LEE HEISHMAN III AND JOHNATON GEORGE,<br><br>Plaintiffs,<br><br>v.<br><br>JAMES E. TILTON, Acting Secretary, California Department of Corrections and Rehabilitation, and ROBERT L. AYERS, JR., Acting Warden, San Quentin State Prison,<br><br>Defendants. | No. C 79-01630 WHA<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO POSTPONE EFFECTIVE DATE OF AUTOMATIC STAY** |

On August 21, 2007, defendants filed a motion to terminate the consent decree (Doc. 1192). According to the Prison Litigation Reform Act, an automatic stay will take effect thirty days after the filing of a motion to modify or terminate prospective relief. *See* 18 U.S.C. 3626(e)(2). Plaintiffs' therefore moved to postpone the effective date of the automatic stay on August 31, 2007. Pursuant to 18 U.S.C. 3626(e)(e), "[t]he court may postpone the effective date of an automatic stay . . . for not more than 60 days for good cause." On September 10, 2007, the motion was granted for "good cause" (Doc. 1226).

On September 26, 2007, however, the Court stayed all proceedings pending defendants' appeal to the Court of Appeals for the Ninth Circuit from the order issued on June 21, 2007, because of jurisdictional concerns (Doc. 1252). Defendants then filed a motion to dismiss their

1  appeal of the June 21 order, which was granted by the Ninth Circuit on October 15, 2007.
2  The Court subsequently reset the hearing on defendants' motion to terminate the consent decree
3  on October 22, 2007 (Doc. 1260). Without further action from the Court, the PLRA's
4  automatic stay will go into effect thirty days from October 22, 2007, which is November 21,
5  2007. Plaintiffs now move to postpone the effective date of this automatic stay. This order
6  finds that "good cause" exists and will grant plaintiff's motion to postpone the effective date of
7  the automatic stay.

8      This order adopts the ruling in its September 10 order. Defendants claim that
9  "the record as a whole does not demonstrate the existence of widespread and on-going
10 constitutional violations" (Opp. 3). The June 21 order considered whether plaintiffs had
11 demonstrated a current and ongoing violation of their Eighth Amendment rights. To show an
12 Eighth Amendment violation, a party must demonstrate: (i) that there was a sufficiently serious
13 deprivation, and (ii) that prison officials acted with indifference to this deprivation. *Farmer v.*
14 *Brennan*, 511 U.S. 825, 834 (1994). The June 21 order found that plaintiffs had submitted
15 evidence arguably supporting the allegation that current and ongoing conditions violated the
16 Eighth Amendment, especially with respect to the sanitation situation and failure to provide
17 adequate linens and towels. Further factual inquiry was required. The June 21 order also found
18 that plaintiffs appropriately relied on *Skinner v. Uphoff*, 410 F.Supp.2d 1104 (D. Wyo. 2006)
19 (holding that inmates demonstrated good cause when they made allegations of ongoing
20 inmate-on-inmate violence and delays in officials' remedial actions and joint expert raised
21 various concerns). Because a deficient sanitary environment can also constitute a current and
22 ongoing constitutional violation, the June 21 order granted plaintiffs' motion to postpone the
23 effective date of the automatic stay.

24     Defendants now argue that plaintiffs have moved for an order further postponing the
25 effective date of the automatic stay for a total of one-hundred-fifty days. The Court has
26 therefore "fully exercised its discretion to postpone the stay" and is not authorized to make
27 further postponements (Opp. 2). This order disagrees. In *Benjamin v. Jacobson*, 172 F.3d 144
28 (2d Cir. 1999), the Second Circuit reversed the district court's vacating of a consent decree and

remanded. The Second Circuit stated, "Since the district court here did not allow plaintiffs to make a record with respect to the need for a continuation of prospective relief, we instruct that the 30-day period prior to the commencement of the automatic stay is to be deemed to begin on the day following the issuance of our mandate herein." *Id.* at 366. The Second Circuit reset the thirty-day period following its decision that the plaintiffs be given the opportunity to respond to the defendant's motion for termination of a prison consent decree. Here, defendants have not contested that the automatic stay will take effect on November 21, 2007, which is thirty days after the date the Court reset the termination-motion hearing. If the consent decree is subject to the automatic stay thirty days after October 22, 2007, the Court also has the discretion pursuant to 18 U.S.C. 3626(e)(3) to postpone *that* automatic stay for sixty days for good cause. Furthermore, defendants offer no explanation as to why the Court should not exercise its discretion to postpone the stay if the Court were without jurisdiction when it issued the September 10 order. Accordingly, the Court **GRANTS** plaintiffs' motion to postpone the effective date of the automatic stay.

**IT IS SO ORDERED.**

Dated: November 19, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE