1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7
8          FOR THE NORTHERN DISTRICT OF CALIFORNIA
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ANDREW LANCASTER, JEFFERY MILLS,
DEXTER WILLIAMS, WILLIAM DENNIS,
STEVE LIVADITIS, JIMMY VAN PELT,
H. LEE HEISHMAN III AND JOHNATON
GEORGE,

              Plaintiffs,

      v.

JAMES E. TILTON, Acting Secretary,
California Department of Corrections and
Rehabilitation, and ROBERT L. AYERS, JR.,
Acting Warden, San Quentin State Prison,

              Defendants.
_____/

No. C 79-01630 WHA


**ORDER MAINTAINING
EXISTING SCHEDULE FOR
FURTHER EVIDENTIARY
HEARING**

        The Court has read plaintiffs' "statement" that they have filed a notice of appeal from

the recent termination of certain provisions of the consent decree. The remaining provisions

are, however, separate. They stand apart from those involved in the appeal. Therefore, we shall

proceed as scheduled with the further evidentiary hearing on the conditions in Death Row as to

the *unterminated* provisions. The purpose of the evidentiary hearing is not only to inquire

further into disputed issues of fact but to give all counsel the very type of opportunity to

subpoena and to present evidence insisted on by plaintiffs' counsel. The issues presented on the

appeal, assuming it is a valid appeal, are so distinct from the remaining issues that justice and

avoidance of wasted resources require that the evidentiary hearing go forward.

The Court has invested considerable resources in trying to comply with the requirements of the Prison Litigation Reform Act as well as *Gilmore v. California*, 220 F.3d 987 (9th Cir. 2000). The calendar has been specifically adjusted to accommodate the time necessary to complete the evidentiary hearing. The Court is now steeped in the particulars of this case. A delay of the type contemplated by plaintiffs would require starting all over at square one at some future date, wasting considerable resources.

To take a specific example, if the court of appeals eventually holds, contrary to the December 21 order, that the Eighth Amendment requires that condemned prisoners be supplied with hobbycraft, then a further and stand-alone hearing would later be held by the district court on remand. After consideration of all declarations pertaining to hobbycraft, there was no material fact issue warranting a contest of live witnesses at a further evidentiary hearing, the question being whether a prison-wide supply of hobbycraft was constitutionally required in the first place. That was why the hobbycraft provision was terminated. By contrast, the different decree requirements now set for a contest of witnesses are those involving disputed material issues, such as the issue of supposed filth and vermin. On the latter class of issues, all counsel will have an opportunity to cross examine live witnesses and to present fresh evidence as well as to subpoena materials and witnesses. Although discovery is not required in advance of an evidentiary hearing (the opportunity to inquire being a function of an evidentiary hearing), the Court has nonetheless granted plaintiffs' counsel some advance discovery and expert access, as to certain issues to be heard at the evidentiary hearing, as well as to allow plaintiffs' counsel to depose defendants' noise expert beforehand (without, it should be added, giving the defense a reciprocal deposition of plaintiffs' noise expert, the Court being confident that any defense opportunity to cross examine at the evidentiary hearing will suffice).

This situation is different from the earlier stay. Then, the issue on appeal involved the very same decree provisions that were in play in the motion to terminate. Now, however, the provisions terminated and on the supposed appeal are separate from the provisions still operative and not yet on appeal. The concluding pages of the December 21 termination order

specifically identified the provisions that were terminated and segregated those that were not terminated, only the latter being set for the upcoming further hearing.

For all of the foregoing reasons (as well as those set forth in defendants' brief), the Court is *not* divested of jurisdiction to rule on the unterminated provisions, contrary to plaintiffs. The further evidentiary hearing will proceed as scheduled and all counsel are ordered to comply fully with the schedule.

**IT IS SO ORDERED.**

Dated: January 4, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE