1

2

3

4

5

6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8

9

10   ANDREW LANCASTER, JEFFERY MILLS,          No. C 79-01630 WHA
     DEXTER WILLIAMS, WILLIAM DENNIS,
11   STEVE LIVADITIS, JIMMY VAN PELT,
     H. LEE HEISHMAN III AND JOHNATON
12   GEORGE,                                   **ORDER REGARDING FORMAT
                                               OF PROPOSED FINDINGS OF
13              Plaintiffs,                     FACT AND CONCLUSIONS OF
                                               LAW AFTER BENCH TRIAL**
14      v.

15   JAMES E. TILTON, Acting Secretary,
     California Department of Corrections and
16   Rehabilitation, and ROBERT L. AYERS, JR.,
     Acting Warden, San Quentin State Prison,
17
                Defendants.
18   _____/

19

20          By **MONDAY, JANUARY 28, 2008**, at **4:00 P.M.**, both sides shall e-file proposed findings

21   of fact, each identified by number.  Each proposed finding should be concise and limited to one

22   or two or (at most) three lines of text (exclusive of any block quotes from trial exhibits)

23   followed by exact trial record cites fully supporting the proposed finding.  The proposals should

24   be at a level of specificity/generality so as to fit within the page limit set forth below.  As a rule

25   of thumb, less controverted subjects may be captured in more generalized proposed findings;

26   more controversial subjects, however, usually require greater specificity and more proposed

27   findings.  Block quotes and record cites may be single-spaced (and indented) but otherwise the

28   proposals should be double-spaced.  Example:

1             1.      When defendant went through the intersection of

2 Hayes and Gough, the light was red in his direction.

3         Jones at RT 97:1–3
         Young at RT 15:11–12

The same submission should also set forth each proposed conclusion of law. Each proposed conclusion of law must briefly identify the proposed findings of fact supporting the conclusion *and* the legal authority therefor (quoting the key language of said authority). The overall length of the submission must be 25 pages or less.

By **4:00 P.M. ON THURSDAY, JANUARY 31, 2008**, the opposing side must file and serve a response. The response must state, separately as to each proposed finding, whether the responding party agrees with the proposed finding and if not in full agreement, then the full extent to which, considering the duty of good faith and candor, the responding party admits the proposed finding. To the extent that the responding side objects in any respect to the proposed finding, it must state (i) the extent to which the opposition is based on a failure of the record cites to support the proposal (explaining why they do not support it) versus (ii) the extent to which the objection is based on contrary evidence (citing the contrary evidence) versus lack of credibility (citing relevant evidence). Example:

          1.      Agree that the light was red but the light had just changed a split second before.

         Mack RT 42:17–18

The submission shall similarly state the extent to which the responding party agrees with each conclusion of law proposed by the other side. If there is any disagreement, the responding side must state (i) the extent to which the disagreement is based on a failure of the supporting findings, (ii) the extent to which the disagreement is based on a failure of the cited authorities to support the conclusion, and (iii) the extent to which contrary authorities contradict the legal basis for the proposed conclusion.

The responding submission should reproduce each original finding or conclusion and then, immediately after each, supply the responsive information. It may not exceed twice the overall number of pages used by the submission to which it responds. All citation to facts must be to documents, declarations or testimony received in evidence at the evidentiary hearing.

Defendants indicated that they did not intend to submit evidence or argument on the issue of sanitation of the showers in East Block. The Court notes that they reserved an objection to the issue of shower sanitation as being improperly before this Court. The Court specifically stated at the hearing on January 22, 2008, that defendants were to proceed as if the shower-sanitation issue were part of the instant action, regardless of how the Court might eventually treat it. The record is complete and the Court will proceed accordingly.

**IT IS SO ORDERED.**

Dated: January 23, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE